[Civ. No. 11854.   Third Dist.   May 13, 1969.]

JOHN FRAY, Plaintiff and Respondent, v. MERVIN ROGERS et al., Defendants and Appellants.

G. H. Van Harvey and Morris M. Grupp for Defendants and Appellants.

Ashburn & Hogan and Paul M. Hogan for Plaintiff and Respondent.

REGAN, J.—Defendants appeal from a summary judgment granted to plaintiff.

Plaintiff Fray brought this action for money due under a written contract executed by plaintiff and defendants. Defendants' demurrer to the complaint was overruled. Defendants answered, admitting the execution of the contract, and as a defense alleged plaintiff was not licensed by the Contractors' State License Board of the State of California and thus a previously executed logging and clearing agreement, which was the consideration for the contract sued upon, was illegal and void.

Plaintiff moved for summary judgment. In a supporting affidavit plaintiff alleged he had entered into a "Logging and Clearing Agreement" with defendants, a copy of the contract

being attached; that some 11 months later plaintiff and defendants entered into a contract entitled "Release of All Interests in Rights of Logging and Clearing Agreement and General Mutual Release," a copy of this contract being attached; that he had performed according to the contract and had released his rights under the logging and clearing agreement; that defendants had agreed to pay plaintiff the sum of $25,000 therefor; and that a balance of $16,000 remained unpaid.

Defendants in an affidavit in opposition to plaintiff's motion for summary judgment alleged the due execution of the "Logging and Clearing Agreement" with plaintiff, contending "the main purpose of said agreement being the clearing of the land occupied by the job site of the Nevada Irrigation District;" that under Classification C-61 of the regulations adopted by the Contractor's License Board of the State of California (Cal. Admin. Code, tit. 16, 732.1), "a person engaged in the work of clearing land, as was involved in this case, was required to be licensed as a specialty contractor by said License Board;" that plaintiff was not so licensed.

We find no triable issue of fact and the defendants' defense to be without merit. Under the provisions of Code of Civil Procedure, section 437c, the motion for summary judgment may be granted in the discretion of the trial court if the affidavit in support of the motion (complete in other respects) contains facts sufficient to entitle plaintiff to a judgment in the action unless defendant by affidavit shall show such facts as may be deemed to present a triable issue of fact. ■ Plaintiff's affidavit shows he is entitled to judgment. Defendant does not deny plaintiff's right to recover for work performed other than by plaintiff's alleged failure to hold a contractor's license; and contends that the "Logging and Clearing Agreement" is void and unenforceable and thus the subsequent release agreement sued upon is likewise void and unenforceable.

A person who is required to be licensed under the Contractors' License Law (Bus. & Prof. Code, § 7000 et seq.) is defined in section 7026 thereof, as follows:

"The term contractor . . . is synonymous with the term 'builder' and . . . is any person who undertakes to . . . construct, alter, repair, add to . . . any building, highway, road, parking facility, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including erection of scaffolding or other structures

or works in connection therewith. The term contractor includes subcontractors and specialty contractor.''

Section 7031 of the Business and Professions Code provides: ''No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029.''

Section 7055 provides: ''For the purpose of classification, the contracting business includes any or all of the following branches:

''(a) General engineering contracting.

''(b) General building contracting.

''(c) Specialty contracting.''

Section 7056 provides: ''A general engineering contractor is a contractor whose principal contracting business is in connection with fixed works requiring specialized engineering knowledge and skill, including the following divisions or subjects: irrigation, drainage, water power, water supply, flood control, inland waterways, harbors, docks and wharves, shipyards and ports, dams and hydroelectric projects, levees, river control and reclamation works, railroads, highways, streets and roads, tunnels, airports and airways, sewers and sewage disposal plants and systems, waste reduction plants, bridges, overpasses, underpasses and other similar works, pipelines and other systems for the transmission of petroleum and other liquid or gaseous substances, parks, playgrounds and other recreational works, refineries, chemical plants and similar industrial plants requiring specialized engineering knowledge and skill, powerhouses, power plants and other utility plants and installations, mines and metallurgical plants, land leveling and earthmoving projects, excavating, grading, trenching, paving and surfacing work and cement and concrete works in connection with the above mentioned fixed works.''

Section 7057 provides, in part: ''A general building contractor is a contractor whose principal contracting business is in connection with any structure built, or to be built, for the support, shelter and enclosure of persons, animals, chattels or

movable property of any kind, requiring in its construction the use of more than two unrelated building trades or crafts, or to do or superintend the whole or any part thereof.

"This does not include anyone who merely furnishes materials or supplies under Section 7045 without fabricating them into, or consuming them in the performance of the work of the general building contractor."

Section 7058 provides, in part: "A specialty contractor is a contractor whose operations as such are the performance of construction work requiring special skill and whose principal contracting business involves the use of specialized building trades or crafts."

Section 7059 provides, in part: "The board may adopt reasonably necessary rules and regulations to effect the classification of contractors in a manner consistent with established usage and procedure as found in the construction business, and may limit the field and scope of the operations of a licensed contractor to those in which he is classified and qualified to engage, as defined in Sections 7055, 7056, 7057 and 7058."

We note the language in Classification C-61, Limited Specialty, where in referring to such classifications it is stated: ". . . provided such work is consistent with established usage and procedure as found *in the construction business* and is related to the specialty-contractor classification in which such specialty contractor is classified and licensed." (Italics added.)

We hold that plaintiff, in performing the logging and clearing activities as provided in the original contract, was not such a contractor as to be subject to the licensing provisions of the Contractors' License Law.

In the Logging and Clearing Agreement, plaintiff was designated as a logger and defendants as the owners of the merchantable timber on the job site. The plaintiff was to clear and log the land. Plaintiff agreed to deliver 200,000 board feet of merchantable timber per day to the sawmill and to conduct his operation in the "usual logging manner," and to conform to good logging practices. Plaintiff was to receive $29 per thousand board feet log scale for all logs delivered and in addition he was to receive the sum of $300 per acre for clearing the land so logged in accordance with specifications set forth in a separate contract between defendants herein and the Nevada Irrigation District for the clearing of a proposed reservoir site.

We hold the plaintiff was neither a general contractor nor a specialty contractor required to be licensed as such under the provisions of the Business and Professions Code, nor under Classification C-61 of the regulations adopted by the Contractors' State License Board of the State of California. In so doing this court takes judicial notice of the Forest Practice Act, Public Resources Code, section 4521 et seq., wherein the Legislature in declaring the existence of a public interest in the forest resources and timberlands of California set up a statutory scheme for harvesting such timber resources which includes the licensing of timber operators and provides no person may engage in timber operations unless he has a permit issued pursuant to the provisions of the Forest Practice Act. (Pub. Resources Code, § 4586.) It is this act that controls the activities of loggers in the logging and clearing of timber lands, and the permit required by section 4586 is the only permit the state requires in such an operation as described herein.

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

A petition for a rehearing was denied June 6, 1969, and appellants' petition for a hearing by the Supreme Court was denied July 9, 1969.